The Honorable R. Gregg Reep State Representative 409 North Walnut Street Warren, Arkansas 71671-2130
Dear Representative Reep:
I am writing in response to your request for an opinion on two questions regarding the legality of certain fees charged by car rental companies. You indicate that the charges at issue include costs associated with registering a motor vehicle such as title fees, registration fees, and property taxes which currently are generally identified as a line item charge on the face of the vehicle rental agreement. You note that in response to an earlier request, my predecessor issued Opinion 2005-182 to you concerning this issue. You ask for my "updated review" of that Opinion "on the continued permissibility of passing through charges, fees and other types of taxes which car rental companies pay in the operation of their business." You also inquire about compliance with the Arkansas Deceptive Trade Practices Act in this regard.
You state that:
 By way of background, I understand it is common practice for car rental companies to recoup the above-referenced costs by listing them as a separate line-item expense on the car rental contract. Currently, they are described in various disparate ways referred to with the following characterizations: "property tax reimbursement," "personal property tax reimbursement," "Arkansas tax recovery tax," "vehicle license fee recoupment," "fees," and the like, even though they include more than just taxes. Oftentimes the daily amounts *Page 2 
charged a renter vary from stating a "flat fee" of $1.00 to a $1.50 per day to charging a percentage (%) of the daily rate, all of which could be confusing to the consumer.
Specifically, you pose two questions regarding these charges as follows:
 1. Is it still good law to conclude that the accurate listing and charging of these separate licensing and title costs is not a per se violation of Arkansas law?
 2. In reviewing specific language of the [Deceptive Trade Practices] Act, can an automobile rental company comply with the Arkansas Deceptive Trade Practices Act in passing through such a charge provided the charges are descriptively disclosed separately; and the car rental company adheres to the following:
 a. A description of the fees accurately reflects the characteristics and source of the costs being recouped;
 b. An accurate definition of the charges is contained in the rental agreement, e.g., a "vehicle license fee" is the owner's charge to recover the owner's daily cost per vehicle of the charges imposed by the governmental authorities to title, register, license and pay property taxes on all rental vehicles in its rental fleet;
 c. The rental company informs the customer of the existence of the fees at the time of the rate quote;
 d. The rental company advertises the existence of the fee in any advertisement containing a rate; and
 e. The amount collected equals the actual costs being recouped and is not a profit center.
RESPONSE
The surrounding law has changed somewhat since the issuance of Op. Att'y Gen. 2005-182. In response to your first question, however, the essential and narrow conclusion of Opinion 2005-182 is in my opinion still correct: There is no Arkansas statute expressly preventing the pass-through of vehicle registration fees by car rental companies. Your first question may seek an answer broader than this *Page 3 
previous conclusion, however, asking whether an "accurate listing and charging of these separate licensing and title costs is not a per se violation of Arkansas law." To the extent you pose a broader question involving any possible violation of Arkansas law, the answer may depend upon the facts surrounding a particular charge, and on compliance with laws such as the Arkansas Deceptive Trade Practices Act ("DTPA"), which is the subject of your second question. I cannot come to any general conclusions in this regard absent full reference to a particular set of facts. Similarly, I cannot come to any set conclusion in response to your second question regarding compliance with the DTPA. Each case will turn upon its own individual facts. I cannot state unequivocally that a company adhering to the bare factors you mention will always be excluded from liability. Finally, as Attorney General, I am prohibited from the private practice of law. A.C.A. § 25-16-701. Any conclusions set out herein are thus not offered and should not be relied upon for that purpose.
Question 1 — Is it still good law to conclude that the accuratelisting and charging of these separate licensing and title costs is nota per se violation of Arkansas law?
If by "per se violation of Arkansas law" you mean that there is no express statute preventing the passing on of these charges to customers, in my opinion the answer is "yes," that conclusion is still good law. In Opinion 2005-182, my predecessor answered a question you posed concerning this same issue. In that opinion request you referenced a state statute, A.C.A. § 26-52-311, which levies a rental vehicle tax on the gross proceeds derived from the rentals of licensed motor vehicles leased for a period of less than thirty days. You stated that you were aware of a subsection in that statute prohibiting the inclusion of a "surcharge" on the rental of motor vehicles for any gross receipts or compensating use taxes paid by the car rental company. See A.C.A. §26-52-311(d)(1) (stating that: "It shall be unlawful for any person engaged in the business of renting licensed motor vehicles for a period of less than thirty (30) days to include a surcharge on the rental of the motor vehicles for any gross receipts taxes or compensating use taxes paid by the person"). You stated that you were "not aware of any other statutory prohibitions preventing the pass through of other charges or fees." You therefore inquired "whether there exists any other statutory or regulatory prohibition preventing the pass through of other various charges, fees, or other types of taxes which car rental companies either generally or specifically pay in the operation of their business." You also described a situation in which a rental car company charges a customer a *Page 4 
separately itemized vehicle registration fee as an add-on to the daily advertised rate for the rental. In response to your questions, my predecessor answered that he found "no other statutory or regulatory provision [other than the one involving gross receipts taxes], that would prevent the pass through of charges, fees or other types of taxes that rental care companies pay in the operation of their business" and he found "n o statutory or regulatory provision expressly preventing the pass-through of such registration fee." Id. at 1-2. Your previous request for an opinion did not mention the potential applicability of the DTPA, and my predecessor therefore did not make any conclusions regarding that Act.
As of the current date, the statutory law on this issue has not changed. Subsection 26-52-311(d)(1), quoted above, however, prohibiting the passing on of gross receipts taxes by rental car companies, will be repealed beginning January 1, 2008. See Acts 2007, No. 182, § 3 and A.C.A. § 26-63-302 (Supp. 2007) (effective January 1, 2008). That prohibition will thus not exist after January 1, 2008. In my opinion, with regard to vehicle license and registration fees, the conclusion of Opinion 2005-182 is still correct. There is currently no statutory or regulatory provision expressly preventing a car rental company from passing on the registration and licensing fees you describe. If this is what you mean when you inquire whether an "accurate listing and charging of these separate licensing and title costs is not a per se violation of Arkansas law," then in my opinion the answer to your first question is "yes." There is no "per s e" violation in the sense that no specific statute prohibits the conduct. If your question is broader, however, inquiring as to whether such a separate listing or charging of fees in this regard might in any way violate Arkansas law, in my opinion that question will depend upon the facts surrounding the particular charge. I cannot come to any general conclusions in this regard.
Question 2 — In reviewing specific language of the [Deceptive TradePractices] Act, can an automobile rental company comply with theArkansas Deceptive Trade Practices Act in passing through such a chargeprovided the charges are descriptively disclosed separately; and the carrental company adheres to the [listed factors]?
I cannot answer this question generally in an official Attorney General opinion, because compliance with the DTPA will always be dependent upon the particular surrounding facts. I cannot conclude generally that a company adhering to the bare factors you mention will always be excluded from liability. Of course as *Page 5 
Attorney General, I have certain statutory powers and duties in connection with the Deceptive Trade Practices Act. See A.C.A. § 4-88-104
(authorizing the Attorney General to file actions for civil enforcement of the chapter); A.C.A. § 4-88-111 (authorizing the Attorney General to take certain steps in investigating violations); and A.C.A. § 4-88-113
(regarding the remedies that may be sought). The proper avenue to determine whether a violation of the DTPA has occurred must necessarily be undertaken through those procedures and through the operation of my Consumer Protection Division.
Finally, as Attorney General, I am prohibited from the private practice of law. A.C.A. § 25-16-701. As a consequence, any conclusions set out in this Opinion should not be deemed as being offered for, and should not be relied upon for that purpose.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General *Page 1